IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID M. CARNRIKE,)
)
        Plaintiff,)
) Civil Action No. 1:14-cv-00292
v.)
) U.S. District Judge Mark R. Hornak
TITUSVILLE HERALD, INC., et al,)
)
        Defendants.)

## **OPINION**

**Mark R. Hornak, United States District Judge**

The Plaintiff has sued a Pennsylvania local newspaper and several of its reporters alleging, in so many words, that an article about him that it ran on September 5, 2013, and which has remained up on its website ever since, was false and defamed him. He seeks in excess of $5,000, 000 in money damages, along with other various and sundry relief.

His Complaint is filed in forma pauperis ("IFP") by Order of the Court. Order dated Dec. 1, 2014. While the Defendant has moved to dismiss on several grounds, this Court has a statutory responsibility, given that IFP status, to review the Complaint to determine if it states a valid claim for relief. If after giving the IFP plaintiff the benefit of all fair inferences, it does not, then the Complaint is to be dismissed. *Detar v. U.S. Government*, No. 13-1499, 2014 WL 517715, \*2, \*3, \*4 (W.D. Pa. Feb. 7, 2014) (dismissing IFP complaint *sua sponte* on statute of limitations grounds).

At a recent status conference with both the Plaintiff, who is appearing *pro se*, and counsel for the Defendants, ECF No. 21, the Court observed that it appeared that the claims in the Complaint, filed in this Court on November 21, 2014, was facially barred by Pennsylvania's one

year statute of limitations for all defamation/invasion of privacy claims. 42 Pa. Cons. Stat. § 5523(1).

The Court then gave the parties ample opportunity to file any supplemental materials they wanted to address that issue. Order to Show Cause, ECF No. 20. The Plaintiff filed a Motion for Leave to Amend his Complaint to allege that since the same news article has remained up and available on the Defendant newspaper's website ever since September 5, 2013, there is a "continuing" act of defamation going on that gets around that statute of limitations bar. He offers no other reason in that proposed amendment that would vitiate the effect of that limitations period. [ECF No. 24](ECF No. 24).

In our Circuit, the statute of limitations may be addressed at the Motion to Dismiss stage, which is parallel to the analysis applied to the Court's mandated review of IFP complaints, under what is known as the "Third Circuit Rule". That is, where it is plain on the face of the Complaint, original or Amended, that the claim sought to be asserted is barred by the statute of limitations, the Court can address its application then and there. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002), *cert. denied*, 540 U.S. 128 (2003).

This Court recently considered exactly the argument that the Plaintiff makes here, namely that the continued presence on a newspaper's website of a defamatory article kept the defamation "alive" so to speak, avoiding the statute of limitations. In *Ghrist v. CBS Broadcasting, Inc.*, 40 F. Supp. 3d 623 (W.D. Pa. 2014), this Court held that given the interplay of Pennsylvania's "single publication" rule and that one year statute of limitations, under prevailing Third Circuit precedent, *In re Philadelphia Newspapers, LLC*, 690 F. 3d 161, 174 (3d Cir. 2012), *cert. denied*, 133 S. Ct. 1001 (2013), the continued presence of the same article on the website did not dodge the application of the statute of limitations. *Ghrist*, 40 F. Supp. 3d at 627-28. Thus, whether leave

to amend is granted here or not, the outcome is the same, namely, the Plaintiff's claims are barred by the statute of limitations.

At the recent status conference, counsel for the Defendants advised the Court that this same case was first filed in the United States District Court for the Southern District of Alabama. It was dismissed there on personal jurisdiction grounds, and was then refiled here as noted above. That case was filed in Alabama on September 15, 2014. *See Carnrike v. Titusville Herald*, No. 1:14-cv-429-KD-B (S.D. Ala.) at ECF Nos. 1, 15, 16. But, even if that filing were treated as the filing that would stop the running of the statute of limitations, it still came ten (10) days too late.

For each and all of the above reasons, the Court concludes that allowing the amendment sought by the Plaintiff would be futile, but even if that Motion for Leave to Amend were granted, the outcome remains the same – the Plaintiff's claims are barred by the applicable Pennsylvania statute of limitations for this action. The Complaint (or Amended Complaint) must be dismissed, with prejudice.

An appropriate Order will issue.

s/ Mark R. Hornak  
Mark R. Hornak  
United States District Judge

Dated: April 28, 2015

cc: All counsel of record